SAMPOL, PLAINTIFF AND APPELLANT, *v.* HEIRS OF COLÓN, DEFENDANTS AND APPELLEES.

APPEAL from the District Court of Humacao in an Action of Debt.

No. 2692.—Decided May 11, 1923.

PROMISSORY NOTE—EXTINCTION—OBLIGATION—EVIDENCE—BURDEN OF PROOF.—In an action to recover on a promissory note exhibited and proved by the plaintiff, the defendants showed that the note had been paid by producing a canceled check for a larger amount and explaining the difference. The plaintiff then attempted to show by the testimony of himself and other witnesses that the payment was for another promissory note, but the trial court held that proof of extinction had been successfully presented by the defendants. *Held:* That by reason of the facts the burden shifted and the evidence is convincing that the plaintiff did not meet the burden cast upon him of proving the obligation.

The facts are stated in the opinion.

*Mr. H. R. Francis* for the appellant.

*Messrs. F. González, Jr.,* and *A. Aponte, Jr.,* for the appellees.

MR. JUSTICE WOLF delivered the opinion of the court.

In a trial to recover $1,270 on a promissory note in possession of complainants and after its due proof the defendants gave testimony tending to show that the said promissory note had been paid, producing to this effect a cancelled check for $1,440 and explaining the difference of $170. The complainant thereafter took the stand and with other witnesses attempted to show that the payment of $1,440 was for another promissory note. The court rendered judgment for the defendants.

On appeal the appellant assigns three errors, but discusses them jointly in his brief in violation of Rule 42 of this court, and likewise fails to present a brief statement of the facts. Also, the statement of the case, in large measure, is not in narrative form. Long and unnecessary arguments of counsel are inserted and redundant and useless matter is allowed to remain in the statement in op-

position to sections 216 and 223 of the Code of Civil Procedure. *López* v. *American R. R. Co,* 11 P. R. R. 148. The appeal should, perhaps, be dismissed, but we shall consider the only point really raised by appellant.

He urges substantially that if the inconclusive statements of a few witnesses can destroy the effect of an uncancelled promissory note, the affairs of Porto Rico in this regard would be in a chaotic condition. He concedes, however, that payment may be shown by strong proof. Under section 1182 of the Civil Code the proof of obligations devolves upon the person claiming their fulfillment and that of their extinction upon those opposing it. The court below found that the proof of extinction had been successfully presented by the defendants. Indeed, the evidence showing a payment to cover the $1,270 and more in a contemporaneous check was very strong; so much so that complainant felt impelled to take the stand in rebuttal to show that the said check was for another promissory note. The difficulty was that the court below did not believe his statement, partially because the note had not been presented for payment in the lifetime of the maker. We do not find that the court erred in its conclusion. By reason of the facts the burden shifted, and an examination of the evidence convinces us that the complainant did not satisfactorily meet the burden cast upon him.

The judgment appealed from must be

*Affirmed.*

Chief Justice Del Toro and Justices Aldrey and Hutchison concurred.

Mr. Justice Franco Soto took no part in the decision of this case.